Filing # 78945813 E-Filed 10/05/2018 02:14:46 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2018-CA-004044

DIVISION: CV-C

IAN EARL MURRAY,

    Plaintiff,

vs.

THE CITY OF JACKSONVILLE, a political
subdivision of the State of Florida; JOHN
RUTHERFORD, in his official capacity as
The Sheriff of Duval County, Florida; MIKE
WILLIAMS, in his official capacity as the
Sheriff of Duval County, Florida; and,
M.K. SIMPSON,

    Defendants.

_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, IAN EARL MURRAY, and herewith sues the Defendants, THE CITY OF JACKSONVILLE, a political subdivision of the State of Florida; JOHN RUTHERFORD, in his former official capacity as The Sheriff of Duval County, Florida; MIKE WILLIAMS, in his present official capacity as the Sheriff of Duval County, Florida; and, M.K. SIMPSON, an individual, and says:

1. This is an action at law for damages in excess of $15,000.00, exclusive of interest, attorneys' fees and costs.

2. At all times material hereto, the Plaintiff, IAN EARL MURRAY, was and is a resident of Jacksonville, Duval County, Florida (hereinafter "Murray" or "Plaintiff").

1

3. Defendant City of Jacksonville (hereinafter "COJ") is a political subdivision of the State of Florida and at all times material was responsible for its agents and employees, which includes the Jacksonville Sheriff Office (hereinafter "JSO") as well as the JSO's agents and employees. COJ, JSO, along with their agents and employees, at all times material, were acting under color of state law.

4. At all times material, Defendant John Rutherford (hereinafter "Rutherford"), in his former official capacity as Sheriff of the consolidated City of Jacksonville and Duval County, Florida, was responsible for the supervision, training, instruction, discipline, control, and conduct of police officers, agents, and employees of JSO.

5. Defendant, Mike Williams (hereinafter "Williams"), is named in his official capacity as the successor of Rutherford, as the current Sheriff of the consolidated City of Jacksonville and Duval County, Florida.

6. Rutherford and Williams, were and are, respectfully Florida Constitutional Officers, at all times material, and acted under color of state law.

7. M.K. Simpson (hereinafter "Simpson"), at all times material, was a deputy sheriff and an officer with JSO, acting in his capacity as an agent, servant and employee of JSO, and was acting under the direction and control of COJ, and pursuant to either the official policy, or the custom and practice, of JSO.

8. On June 27, 2014, Simpson submitted an Affidavit, which document was sworn to by him and under oath, for and in support of an Arrest Warrant for Murray ("Affidavit"), swearing he did believe Murray did commit Grand Theft and Official Misconduct as a Public Servant, alleging criminal conduct by Murray.

9. According to the Affidavit, Murray, a Corrections Officer and an employee of JSO, submitted military leave requests for the dates of 03/14/2013 – 03/15/2013 and for 11/15/13, while not having military orders for the referenced dates. As a result, Simpson claimed Murray received $788.61 from COJ (pay and benefits) for three working days due to fraudulent or non-existent military leave requests.

10. The information in Simpson's Affidavit was incorrect, incomplete, false and unsupported by fact.

11. Simpson failed to properly and fully investigate the allegations of the Affidavit against Murray before providing the sworn testimony in his Affidavit, which was incorrect and incomplete. Accordingly there was no Probably Cause to support an Arrest Warrant for Murray.

12. A reasonable investigation would have allowed Simpson to determine the military leave requests submitted by Murray were supported by military orders for the referenced dates.

13. Upon review of the Affidavit, an Arrest Warrant was signed and issued by a Judge for the arrest of Murray ("Arrest Warrant") and on that same date, June 27, 2014, Murray was arrested by Simpson and booked into the Duval County Jail, whereupon Murray was deprived of his constitutional rights as set forth hereunder, including his liberty.

14. At the time Simpson signed the Affidavit, he knew or should have known the information was untrue, incomplete and inaccurate, but swore to the truthfulness of same in disregard of the liberty and the full panoply of the constitutional rights of Murray.

15. Plaintiff has retained the undersigned counsel to represent him in this action and has agreed to pay a reasonable attorneys' fees and costs related to said representation.

16. Plaintiff has complied with all conditions precedent to filing this action, including but not limited to complying with the pre-suit statutory notice requirements in Section 768.28,

Florida Statutes, and Jacksonville Municipal Ordinances §112.203 and §112.204, by providing required pre-notice to the Florida Department of Financial Services and the City of Jacksonville.

17. Specifically, on June 16, 2017 Counsel for the Plaintiff, pursuant to Florida Statute §768.28, sent by certified mail the requisite pre-suit notice to the Mayor of Jacksonville, Lenny Curry, the General Counsel for Jacksonville, Jason Gabriel, the Jacksonville Sheriff, Mike Williams, and the Chief Financial Officer for the State of Florida Jeff Atwater. A copy of this pre-suit notice is attached as Plaintiff's Exhibit 1.

18. Plaintiff demands a trial by jury on all issues so triable.

## COUNT I: FALSE ARREST
### (As to Simpson)

19. Plaintiff re-alleges and incorporates herein his allegations in Paragraphs 1 through 18, above, as if fully set forth herein.

20. Murray was falsely arrested on June 27, 2014, pursuant to the Arrest Warrant issued in reliance upon the knowingly incomplete and knowingly inaccurate allegations in Simpson's Affidavit.

21. At the material times, Simpson was acting under color of Florida state law.

22. Prior to executing the Affidavit, and before accusing Murray, Simpson failed to take required and necessary steps to properly investigate whether one or more crimes had been committed by Murray.

23. The allegations in Simpson's Affidavit were false and misleading, and Simpson knew or should have known those statements were false and misleading. There was no probable cause or other lawful authority to believe Murray had committed the stated criminal offenses, and a thorough investigation was not conducted by Simpson.

24. Simpson's actions were the direct and proximate cause of Murray's false arrest, on an Arrest Warrant signed and entered by a Judge based upon misleading and false statements.

25. Simpson willfully, callously and knowingly disregarded the clearly established rights of the Plaintiff by providing false information on the Affidavit to deprive the Plaintiff of his constitutional rights.

26. Murray's false arrest resulted in a deprivation of his rights, and Murray has incurred monetary and non-monetary damages, including but not limited to damages resulting from him being the subject of a public scandal with great humiliation and anguish and payment of attorneys' fees and costs, among other monetary damages.

WHEREFORE, Plaintiff, IAN EARL MURRAY, respectfully requests a trial by jury on all issues and hereby requests this Honorable Court to enter judgment for actual damages and all other damages allowable under the laws of the United States or the State of Florida Law, against the Defendant, M.K. SIMPSON, as well as an award for pre-judgment interest on all liquidated damages, costs, and such other relief as this Court shall deem just and proper.

## COUNT II: FALSE IMPRISONMENT
### (As to Simpson)

27. Plaintiff re-alleges and incorporates herein his allegations in Paragraphs 1 through 18, above, as if fully set forth herein.

28. Murray was falsely imprisoned on June 27, 2014, pursuant to the Arrest Warrant issued in reliance upon the knowingly incomplete and knowingly inaccurate allegations in Simpson's Affidavit.

29. At all material times, Simpson was acting under color of Florida state law.

30. Prior to executing the Affidavit, and before accusing Murray, Simpson failed to take required and necessary steps to properly investigate whether one or more crimes had been committed by Murray.

31. The allegations in Simpson's Affidavit were false and misleading, and Simpson knew or should have known those statements were false and misleading. There was no probable cause or other lawful authority to believe Murray had committed the stated criminal offenses, and a thorough investigation was not conducted by Simpson.

32. Simpson's actions were the direct and proximate cause of Murray's false imprisonment on an Arrest Warrant signed and entered by a Judge based upon misleading and false statements.

33. Simpson willfully, callously and knowingly disregarded the clearly established rights of the Plaintiff by providing incomplete and false information on the Affidavit to deprive the Plaintiff of his constitutional rights, as a result of the Arrest Warrant having been signed and issued without the requisite Probable Cause.

34. Murray's false imprisonment resulted in a deprivation of his rights, and Murray has incurred monetary and non-monetary damages, including but not limited to damages resulting from him being the subject of a public scandal with great humiliation and anguish and payment of attorneys' fees and costs, among other monetary damages.

WHEREFORE, Plaintiff, IAN EARL MURRAY, respectfully requests a trial by jury on all issues and hereby requests this Honorable Court to enter judgment for actual damages and all other damages allowable under the laws of the United States or the State of Florida Law, against the Defendant, M.K. SIMPSON, as well as an award for pre-judgment interest on all liquidated damages, costs, and such other relief as this Court shall deem just and proper.

## COUNT III: FALSE ARREST
### (As to COJ, RUTHERFORD and WILLIAMS)

35. Plaintiff re-alleges and incorporates herein his allegations in Paragraphs 1 through 18, above, as if fully set forth herein.

36. COJ has, and had, a duty to train, supervise and control JSO, Rutherford, and all police officers, agents, and employees of COJ and JSO to ensure conduct and actions taken were in conformity with the United States Constitution and all orders, rules, instructions, and regulations promulgated by COJ and JSO.

37. Rutherford had a duty, and Williams has a duty, to train JSO's police officers, agents, and employees to ensure conduct and actions taken are in conformity with the United States Constitution and all orders, rules, instructions, and regulations promulgated by JSO.

38. Rutherford, his agents and employees, acting within the color of Florida state law, trained officers and implemented policies, practices and customs that resulted in the false arrest of Murray.

39. Rutherford failed to properly train Simpson to investigate criminal activity and failed to properly supervise Simpson to confirm compliance with basic investigative standards.

40. Rutherford's failure to properly train and supervise Simpson, as well as other officers of JSO, caused Simpson to execute an Affidavit containing false and misleading statements, resulting in the Arrest Warrant and false arrest of Murray on June 27, 2014.

41. Rutherford's actions were the direct and proximate cause of Murray's false arrest, on an Arrest Warrant signed and entered by a Judge based upon misleading and false statements.

42. Murray's false arrest resulted in a deprivation of his rights, and Murray has incurred monetary and non-monetary damages, including but not limited to damages resulting

from him being the subject of a public scandal with great humiliation and anguish, and payment of attorneys' fees and costs, among other monetary damages.

WHEREFORE, Plaintiff, IAN EARL MURRAY, respectfully requests a trial by jury on all issues and hereby requests this Honorable Court to enter judgment for actual damages and all other damages allowable under the laws of the United States or the State of Florida Law, against THE CITY OF JACKSONVILLE, a political subdivision of the State of Florida; JOHN RUTHERFORD, in his official capacity as The Sheriff of Duval County, Florida MIKE WILLIAMS, in his official capacity as the Sheriff of Duval County, Florida, as well as an award for pre-judgment interest on all liquidated damages, costs, and such other relief as this Court shall deem just and proper.

## COUNT IV: FALSE IMPRISONMENT
### (As to COJ, RUTHERFORD and WILLIAMS)

43. Plaintiff re-alleges and incorporates herein his allegations in Paragraphs 1 through 18, above, as if fully set forth herein.

44. COJ has, and had a duty to train, supervise and control JSO, Rutherford, and all police officers, agents, and employees of COJ and JSO to ensure conduct and actions taken were in conformity with the United States Constitution and all orders, rules, instructions, and regulations promulgated by COJ and JSO.

45. Rutherford had a duty, and Williams has a duty, to train JSO's police officers, agents, and employees to ensure conduct and actions taken are in conformity with the United States Constitution and all orders, rules, instructions, and regulations promulgated by JSO.

46. Rutherford, his agents and employees, acting within the color of Florida state law, trained officers and implemented policies, practices and customs that resulted in the false imprisonment of Murray.

8

47. Rutherford failed to properly train Simpson to investigate criminal activity and failed to properly supervise Simpson to confirm compliance with basic investigative standards.

48. Rutherford's failure to properly train and supervise Simpson, as well as other officers of JSO, caused Simpson to execute an Affidavit containing false and misleading statements, resulting in the Arrest Warrant, the arrest of Murray on June 27, 2014 and the resulting false imprisonment.

49. Rutherford's actions were the direct and proximate cause of Murray's false imprisonment, on an Arrest Warrant signed and entered by a Judge based upon misleading and false statements.

50. Murray's false imprisonment resulted in a deprivation of his rights, and Murray has incurred monetary and non-monetary damages, including but not limited to damages resulting from him being the subject of a public scandal with great humiliation and anguish, and payment of attorneys' fees and costs, among other monetary damages.

WHEREFORE, Plaintiff, IAN EARL MURRAY, respectfully requests a trial by jury on all issues and hereby requests this Honorable Court to enter judgment for actual damages and all other damages allowable under the laws of the United States or the State of Florida Law, against the THE CITY OF JACKSONVILLE, a political subdivision of the State of Florida; JOHN RUTHERFORD, in his official capacity as The Sheriff of Duval County, Florida MIKE WILLIAMS, in his official capacity as the Sheriff of Duval County, Florida, as well as an award for pre-judgment interest on all liquidated damages, costs, and such other relief as this Court shall deem just and proper.

DATED, this 5th day of October, 2018, at Jacksonville, Duval County, Florida.

By: /s/ Matthew I. Lufrano

Matthew I. Lufrano
Fla. Bar # 0069675
*Attorney for the Plaintiff*
Primary E-Mail: matthew@johnsonandlufrano.com
Secondary E-Mail: diana@johnsonandlufrano.com
Johnson and Lufrano, P.A.
1010 East Adams Street, Suite 205
Jacksonville, Florida 32202
Phone: (904) 513-3905
Fax: (904) 212-0691