UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IAN EARL MURRAY,

CASE NO.: 3:18-cv-1328-MMH-JRK

    Plaintiff,

v.

CITY OF JACKSONVILLE, JOHN
RUTHERFORD, in his official capacity,
MIKE WILLIAMS, in his official capacity,
and M.K. SIMPSON,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, CITY OF JACKSONVILLE (the "City")[1] and M.K. Simpson, pursuant to Local Rule 4.02(c), hereby file this Memorandum of Law in Support of Defendants' Motion to Dismiss.

## MEMORANDUM OF LAW

**A.    Motion to Dismiss Standard**

In order to state a claim, Fed. R.Civ. Proc. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The

---

[1] Plaintiff sues John Rutherford and Mike Williams in their official capacity as Sheriff of the City of Jacksonville. A suit against a public official in his official capacity is treated as a suit against the local government entity he represents; in this case, the City of Jacksonville. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985); *Owens v. Fulton County*, 877 F.2d 947, 951 n. 5 (11th Cir. 1989).

complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id., citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*.*" *Twombly*, 550 U.S. at 555 (citations omitted). In *Iqbal*, the Supreme Court further elaborated on its opinion in *Twombly*, as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. * * * Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"– "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2)*.*

*Iqbal*, 556 U.S. at 678-79 (internal citations omitted)(emphasis added).[2]

In deciding a Rule 12(b)(6) motion to dismiss, a court need not accept as true conclusory allegations, unwarranted factual deductions, and unsupported conclusions of law or of mixed law and fact. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, ___ U.S. ___, 132 S. Ct. 1702 (2012); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Rather, the court limits its "conclusions to the well-pleaded factual allegations, documents central to or referenced

---

[2] The Court also made it clear, to the extent there was any doubt, that its decision in *Twombly* applied to *all* civil actions. *Iqbal,* 556 U.S. at 684.

in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted). Thus, a complaint must contain factual allegations that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555. Simply put, a complaint should be dismissed unless it pleads sufficient facts to support the claims asserted.

B.  **Plaintiff's Allegations Are Insufficient**

Plaintiff purports to allege false arrest and false imprisonment against Officer Simpson (Counts I and II) and against the City (Counts III and IV). Plaintiff fails to allege any specific facts to establish these claims and makes only "a formulaic recitation of the elements of a cause of action." Plaintiff does not even specify the statute he is proceeding under or if he is seeking relief under federal or state law – he only vaguely asserts he wants remedies under both.

Specifically, with regard to Officer Simpson, Plaintiff recites the information in the arrest affidavit (Amended Complaint ¶9) and then simply makes the legal conclusion that the information in the affidavit was "incorrect, incomplete, false and unsupported by fact." (Amended Complaint ¶10). Plaintiff fails to allege any additional facts with regard to Officer Simpson's investigation or related actions and only lists the elements of the claims and offers legal conclusions. With regard to the City, Plaintiff makes no specific factual allegations. Plaintiff only asserts the elements of the claims and legal conclusions. Accordingly, Plaintiff has failed to allege sufficient facts to "raise a right of relief above the speculative level" and Defendants' Motion to Dismiss should be granted.

## C. Simpson Entitled to Qualified Immunity

Plaintiff has alleged insufficient facts to establish that Officer Simpson violated his constitutional rights. However, even if Plaintiff could establish a constitutional violation, Officer Simpson is still entitled to qualified immunity and, therefore, Plaintiff's claims should be dismissed.

> "As we have often observed, '[q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir.2009) (*quoting Lee,* 284 F.3d at 1193-94). The purpose of qualified immunity is to allow officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *Anderson v. Creighton,* 483 U.S. 635, 638-39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), "protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee,* 284 F.3d at 1194 (internal citation and quotation marks omitted).

*Poulakis v. Rogers*, 341 F. App'x 523, 525 (11th Cir. 2009).

> [E]ven if an officer arrests an individual without probable cause in violation of the Constitution, this does not automatically strip the officer of qualified immunity protection. "We do not automatically hold an officer liable for making an arrest that, when seen with the benefit of hindsight, turns out not to have been supported by probable cause." *Skop,* 485 F.3d at 1137; *see also Anderson,* 483 U.S. at 641, 107 S.Ct. 3034 ("[I]t is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials-like other officials who act in ways they reasonably believe to be lawful-should not be held personally liable."). Rather, we grant the officer qualified immunity unless the court determines that the right violated was "clearly established" at the time. *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151.

*Id*. at 526.

> In wrongful arrest cases, we have frequently framed the "clearly established" prong as an "arguable probable cause" inquiry. In other words, we have said that when an officer violates the

4

> Constitution because he lacked probable cause to make an arrest, the officer's conduct may still be insulated under the second prong of qualified immunity *if* he had "arguable probable cause" to make the arrest… Arguable probable cause may be found where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant [ ] could have believed that probable cause existed to arrest." *Lee,* 284 F.3d at 1195 (*quoting Scarbrough,* 245 F.3d at 1302).

*Id*. at 526–27.

> For a qualified immunity analysis, the officer is charged with possessing all of the information reasonably discoverable by an officer acting reasonably under the circumstances. Thus, he cannot conduct a biased investigation, or elect not to obtain easily discoverable facts, or ignore relevant information negating probable cause. Nor does the Fourth Amendment permit an officer to present materially false and reckless statements in support of an arrest warrant. But this does not mean the officer must perform an error-free investigation, or take every conceivable step to eliminate all possible defenses, or ensure at whatever costs that he is not contributing to the possibility of convicting an innocent person.

*McDonald v. Gee*, 2006 WL 1540277, at *2 (M.D. Fla. May 31, 2006), *aff'd,* 206 F. App'x 937 (11th Cir. 2006) (internal citations omitted).

In the instant matter, Plaintiff makes no allegations regarding the adequacy of Officer Simpson's investigation and fails to assert any facts which suggest Officer Simpson did not, at least, have arguable probable cause. Plaintiff only makes boilerplate statements regarding an alleged failure to fully investigate. (Complaint ¶¶11-12). While Plaintiff alleges no facts to support this contention, even if Officer Simpson was mistaken with regard to the information contained in the arrest affidavit, there is no obligation for him to perform an "error-free investigation" and mistake does not prevent Officer Simpson from obtaining qualified immunity. *Id*. Therefore, Officer Simpson is entitled to qualified immunity.

**D. Conclusion**

It is well-settled that more than conclusory and vague allegations are required to state a cause of action. *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The allegations against Defendants consist of nothing more than boilerplate, conclusory, generic allegations. Further, Plaintiff alleges no facts which would preclude qualified immunity for Officer Simpson. Accordingly, Plaintiff fails to state a claim for relief against Defendants and the Amended Complaint is due to be dismissed.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE**

*/s/ Ashley B. Benson*
**STEPHEN J. POWELL, ESQ.**
Chief, Tort & Employment Litigation
Florida Bar No.: 305881
SPowell@coj.net
**ASHLEY B. BENSON**
Florida Bar No.: 0084022
ABenson@coj.net
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630-1847 - Telephone
(904) 630-1316 - Facsimile
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and notice of electronic filing by electronic mail to the following non-CM/ECF participants:

>Matthew I. Lufrano, Esquire
>Johnson and Lufrano, P.A.
>1010 East Adams Street, Suite 205
>Jacksonville, FL 32202
>matthew@johnsonandlufrano.com
>diana@johnsonandlufrano.com
>*Attorney for Plaintiff*

>*/s/ Ashley B. Benson*
>ASHLEY B. BENSON